IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eliseo Santos,<br><br>   Petitioner,<br><br>v.<br><br>Ryan Holloway and Scotty Bodiford,<br><br>   Respondents. | C/A No.: 5:24-3328-SAL-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Eliseo Santos ("Petitioner"), proceeding pro se, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice and without requiring the respondent to file an answer.

I. Factual and Procedural Background

Petitioner is a pretrial detainee in the Greenville County Detention Center. ECF No. 1 at 1. Petitioner states he is challenging his pretrial detention and the conditions of confinement in which he is being imprisoned. *Id*. at 2, 6. Petitioner raises three grounds in his § 2241 Petition:

**GROUND ONE**: (Warden) Scotty Bodiford has allowed his medical staff and officers to abuse me

 Supporting Facts: Due to MR Scotty Bodiford lack of supervision not answering my 105 Grievance form addressed to him regarding ongoing issues i continue to suffer from injurys and oppresion from the staff under his management

**GROUND TWO**: Im being detained without legal counsel by my Solicitor Ryan Holloway of the 13th Circuit of South Carolina without due process of law/Also a violation to my right for speedy trial not honored

>Supporting Facts: MR Ryan Holloway did not honor my motion of a speedy trial that was filed with the clerk of court of the 13th circuit on december 5, 2022. I continue to suffer a pre-trial imprisonment without proper addressed
>
>**GROUND THREE**: (Solicitor) Ryan Holloway of the 13th Circuit of SC, has not honored a motion for fast and speedy trial that was filed December 5, 2022
>
>>Supporting Facts: MR. Ryan Holloway of the 13th circuit and South Carolina are violating my right for a fast and speedy trial.
>
>See: EXZ # B-3

ECF No. 1 at 6. (Errors in original). Petitioner seeks a temporary restraining order and declaratory/injunctive relief. *Id.* at 7.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Petitioner's Ground One claim concerning his conditions of confinement are not cognizable under a § 2241 Petition. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (explaining conditions of confinement claims are not cognizable in a § 2241 petition); *Braddy v. Wilson*, 580 F. App'x. 172 (4th Cir. 2014) (dismissing habeas petition alleging a condition of confinement claim as improperly brought under § 2241). The undersigned recommends Petitioner's Ground One claim be summarily dismissed.

The undersigned further recommends Petitioner's Grounds Two and Three claims alleging speedy trial violations and denial of counsel be summarily dismissed because these claims are unexhausted. To be entitled to review in federal court, a petitioner must first fully exhaust his available state remedies. If issues raised in a pretrial detainee's petition may be resolved either by trial on the merits in the state court, or by other state procedures available to the petitioner, the pretrial detainee must exhaust these remedies to be eligible for § 2241 relief. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92 (1973). Petitioner has not alleged he has raised his right to counsel claim during his criminal proceedings. Although Petitioner states he filed a speedy trial motion in December 2022, he has not claimed any additional action on this motion, nor has he alleged to have sought any further relief in any State court. *See Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970) (explaining that before seeking federal habeas relief, a state pretrial detainee must demand a speedy trial; the state must afterward fail to make a diligent effort toward a speedy trial; and the pretrial detainee must seek dismissal of his charges in state court); *Brown v. Keohane*, 475 F. Supp. 943, 944 (D.C.Va.1979) (a § 2241 petition challenging Virginia's alleged

speedy trial violation dismissed for petitioner's failure to exhaust remedies by litigating claim at "all available levels of State courts.").

The undersigned also finds Petitioner's Grounds Two and Three claims merit abstention. Under the *Younger* abstention doctrine, the court may not proceed with this action because federal courts cannot interfere with a State's pending criminal proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37 (1971), *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Fourth Circuit Court of Appeals has created the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, the court finds that *Younger* abstention is appropriate and no exception to the doctrine applies. First, Petitioner is involved in an ongoing state criminal proceeding. If this court were to make factual findings that Respondents acted improperly in relation to Petitioner's motion for a speedy trial or his lack of counsel, the court would be interfering with a pending criminal state court proceeding. Second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Petitioner has the opportunity to present his claims about a speedy trial violation and being denied his right to counsel during the disposition of his criminal charges. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Petitioner's Grounds Two and Three claims. The undersigned recommends these claims be summarily dismissed.

III.    Conclusion and Recommendation

The undersigned recommends the court dismiss the Petition in the above-captioned case without prejudice and without requiring Respondents to file a return.

IT IS SO RECOMMENDED.

August 22, 2024                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).